IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YONGJIE WU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **C.A.: TO BE DETERMINED** |
| v. | ) |
| | ) |
| | ) |
| THE PARTNERSHIPS AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE A, | ) |
| Defendants. | ) |
| | ) |
| | ) |

**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff Yongjie Wu ("Plaintiff") hereby presents this action against the Partnerships and Unincorporated Associations identified in Schedule A, filed under Seal (collectively, "Defendants") and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the United States Patent Act, 35 U.S.C. § 1, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. The Honorable Court is the proper venue pursuant to 28 U.S.C. § 1391 and may properly exercise personal jurisdiction over the Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including the State of Illinois, through the fully interactive, commercial Internet stores operating under the Online

1

Marketplace Accounts identified the Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, the Defendants are reaching out to do business with Illinois residents by operating one or more commercial interactive Defendant Internet Stores, wherein Illinois residents can purchase products featuring the Plaintiff's patented design. Each of the Defendants has targeted the sales to Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and sold products featuring the Plaintiff's patented design to the residents of Illinois. Each of the Defendants commit tortious acts in Illinois, engaging in interstate commerce, and have wrongfully caused the Plaintiff substantial injury in the State of Illinois and the United States.

3. Defendant has in fact sold merchandise to consumers in Illinois, as shown in Exhibit A (filed under seal).

## INTRODUCTION

4. The Plaintiff filed this action to combat the online sellers who sell the same knock-off product that infringes upon Plaintiff's U.S. Patent US D1 845,695 S (**695) entitled "PIZZA STOVE" (attached as Exhibit B), filed on January 2, 2017, issued on April 16, 2019.[1] The Defendants individually and collectively created the Defendant Internet Stores by the dozens and designed them to appear as if selling licensed products, while actually and knowingly marketing, selling, and/or distributing the same knockoff products. The Defendant Internet Stores sell the same knockoff products, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same series of occurrences. Defendants attempt to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file these actions to combat the Defendant's continuous infringement of

---

[1] Whereas Exhibit C (under Seal) shows products from the various Defendants in different colors, the product are the same and color should not be viewed as making one product different from another.

its patented design. The Plaintiff has been and continues to be irreparably damaged and harmed from the loss of its patents rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of the Defendants' actions and seek temporary, preliminary, and permanent injunctive and monetary relief.

## THE BACKGROUND

5. Plaintiff, Yongjie Wu is an individual resident in Zhejiang, CHINA. Plaintiff is the owner of U.S. Patent US D1 845,695 S (**695) entitled "PIZZA STOVE" (attached as Exhibit A), filed on January 2, 2017, issued on April 16, 2019.

6. Plaintiff is the owner and control person of a factory and company that is highly professional and locally well-known for manufacturing toys and various other daily-use products. Plaintiff's factory is recognized for its expertise and commitment to quality production, further enhancing the reputation of the patented product at issue in this case.

7. Plaintiff and his design team collaboratively created the design for the "PIZZA STOVE" and continuously refined the design to achieve both aesthetic appeal and functionality.

8. In addition to manufacturing the product embodying the U.S. Patent US D1 845,695 S (**695), Plaintiff authorizes selected third-party stores to sell the products. (See, Exhibit B2). This controlled distribution strategy helps maintain the integrity of the patented design and ensures that authorized sellers represent the product's quality and brand.

9. Plaintiff is the owner of U.S. Patent US D1 845,695 S (**695), entitled "PIZZA STOVE" (attached as Exhibit A), filed on January 2, 2017, issued on April 16, 2019. Plaintiff has established the product as the first to market, with a well-earned reputation for quality and innovation. An image of the claimed design is shown in the image below:



10.     The Plaintiff is the lawful owner of all rights, title, and interest in the U.S. Patent US D1 845,695 S (**695) entitled "PIZZA STOVE" (attached as Exhibit A), filed January 2, 2017, issuing April 16, 2019.

11.     The Plaintiff has not granted a license or any other form of permission to Defendants with respect to the patented design.

12.     The Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign and domestic jurisdictions. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores. Each Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Knockoff products to consumers within the United States, including the State of Illinois. Defendants and their respective knockoff products are shown in Exhibit C (Sealed).

13. On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use the <u>same</u> product that infringe the **695 Patent in in a series of occurrences. Tactics used by Defendants to conceal their identities, and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

14. Plaintiff has not licensed or authorized Defendants to use the invention claimed in the **695 Patent, and none of the Defendants are authorized retailers of Plaintiff.

15. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A (Sealed) to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

16. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, including the <u>same</u> product images, accepted payment methods, checkout methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, the <u>same</u> incorrect grammar and misspellings, similar hosting services, and the use of the <u>same</u> text and images, including content copied from Plaintiff's original product listings.

17. In addition to operating under multiple fictitious names, Defendants in this case and

defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

18. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite the Plaintiff's enforcement efforts, such as take down notices.

19. According to the online platform store owner's information, as showed on Amazon, Alibaba, Walmart and eBay websites, parts of the Defendants can be identified via Chinese official company registration system. They are registered companies and actual owners of those companies located in China. Most of these defendant companies only have 1 or 2 employees, and these employees are also the actual owners of the Defendant companies.

20. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the U.S. Patent US D1 845,695 S (**695), and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Knockoff products into the United States, including Illinois.

21. Defendants' infringement of the U.S. Patent US D1 845,695 S (**695), in the offering to sell, selling, or importing of the Knockoff products was willful.

22. Defendants' infringement of the U.S. Patent US D1 845,695 S (**695) in connection with the offering to sell, selling, or importing of the Knockoff products, including the offering for sale and sale of Knockoff products into Illinois, is

irreparably harming Plaintiff.

# COUNT I
# INFRINGEMENT OF UNITED STATES
# DESIGN PATENT NO. D 845,695 (35 U.S.C. § 171)

23. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

24. Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Knockoff products that infringe directly and/or indirectly the ornamental design claimed in the U.S. Patent US D1 845,695 S (**695).

25. Defendants have infringed the D1 012,883 S (**695) Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

26. Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting on in active concert therewith from infringing the D1 845,695 S (**695) Patent, Plaintiff will be greatly and irreparably harmed.

27. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including Defendants' profits pursuant to 35 U.S.C. § 289. Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with

them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction, copy or colorable imitation of the design claimed in the Patented Design; and

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the Patented Design; and

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

2)     Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Alibaba, Amazon, and Walmart, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo (collectively, the "Third Party Providers") shall:

    a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patented Design; and

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patented Design; and

    c. take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

3)     That Plaintiff be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Plaintiff for infringement of the Patented Design, and all of the

profits realized by Defendants, or others acting in concert or participation with Defendants, from the Defendants' unauthorized use and infringement of the Patented Design;

4) That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patented Design, three times Plaintiff's therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 35 USC § 284;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: March 20, 2025                     Respectfully Submitted:

_____

Robert M. DeWitty
D&A|R.M. DeWitty, U.S. Pat. Atty., LLC

1500 K Street, 2nd Floor, RM 249B
Washington DC 20005

1018 W. Madison Street, Ste. 5
Chicago, Ill. 60609
Tel: 202-571-7070 / 202 888-4309
Email: rmdewitty@dewittyip.com