# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

YONGJIE WU

      Plaintiff,

v.

JunW Inc.,

      Defendant.

Case No. 25 C 2995

Hon. LaShonda A. Hunt

## **DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff YONGJIE WU ("Wu") against Defendant JunW Inc. listed as Defendant 1 on the Schedule A ("Defendant" or "Defaulting Defendant") or associated with the Amazon ASINs B0D6GGN516 ("Defendant Internet Store"), and Plaintiff having moved for entry of Default and Default Judgment against Defendant;

Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendant received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present its objections; and

Defaulting Defendant having failed to answer or appear in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

The Court having previously entered default against Defendant pursuant to Federal Rule of Civil procedure 55(a);

1

This Court finds that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendant has reached out to do business with Illinois residents by operating a commercial, interactive Defendant Internet Store through which Illinois residents can purchase infringing products of Plaintiff's claimed design in U.S. Patent No.D845695 (**695), as shown below:



This Court further finds that Defaulting Defendant is liable for design patent infringement under 35 U.S.C. § 271.

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendant is deemed in default and that this Default Judgment is entered against Defaulting Defendant.

This Court further orders that:

1. Defaulting Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

a. making, using, selling, marketing, offering for sale, advertising, or distributing any reproduction, counterfeit copies or colorable imitations thereof in any manner in connection with any product that is an unlicensed or knock-off version of the claimed design in the **695 patent;

b. passing off, inducing, or enabling others to sell or pass of any product as a licensed or genuine product based on the claimed design of the **695 patent;

c. committing any acts calculated to cause consumers to believe that Defaulting defendant' products are those sold under the authorization, control, or supervision of Plaintiff Wu, or are sponsored by, approved by, or otherwise connected with Wu;

d. further infringing the claimed design in the **695 patent;

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, knock-off products based on the claimed design in the **695 patent, or any reproductions, counterfeit copies or colorable imitations thereof; and

2. Defaulting Defendant and any third-party with actual notice of this Order who is providing services for the Defaulting Defendant, or in connection with the online marketplaces such as Amazon.com, Amazon Pay, PayPal, Inc. ("PayPal"), eBay, Inc. ("eBay"), Alibaba Group Holding Ltd., Alipay.com Co. Ltd., any related Alibaba entities (collectively "Alibaba"), TEMU.com, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, shall within seven (7) calendar days of receipt of this Order:

a. disable and cease providing services for any accounts through which Defaulting Defendant, currently or in the future, engages in the sale of infringing product based

3

on the claimed design of the **695 patent, including, but not limited to, any accounts associated with the Defaulting Defendant and the defendant Internet Store;

b. disable any account linked to Defaulting Defendant or linked to any and all email addresses used by Defaulting Defendant, including but not limited to hellodrgrill@gmail.com;

c. disable the Defendant Internet Store and any other of Defaulting Defendant's online marketplace accounts;

d. disable any financial accounts owned or controlled by Defaulting Defendant, including its agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings, and loan associations, payment processors or other financial institutions, including, without limitation, Amazon Pay, PayPal, Alibaba, or other merchant account providers, payment providers, third party processors, and credit card associations (MasterCard, VISA, or American Express).

3. Pursuant to 35 U.S.C. § 289, Plaintiff Wu is awarded profits in the amount of $15,000 for willful design patent infringement of the claimed design in the **695 patent with products sold through at least the Defendant Internet Store. This award shall apply to the Defaulting Defendant only once.

4. All monies (up to the amount of the profits awarded in Paragraph 3 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Amazon.com and/or Amazon Pay are hereby released to Plaintiff Wu and her

representatives as partial payment of the above-identified damages, and Amazon.com and/or Amazon Pay is ordered to release to Plaintiff Wu and her representatives the amounts from Defaulting Defendant' Amazon.com and Amazon Pay accounts within fourteen (14) calendar days of receipt of this Order.

5. Until Plaintiff Wu has recovered full payment of monies owed to it by Defaulting Defendant, Plaintiff Wu and her representatives shall have the o shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

6. In the event that Plaintiff Wu identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendant, Plaintiff Wu may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by email at the e-mail address identified in Exhibit A and any e-mail addresses provided for Defaulting Defendant by third parties.

This is a Default Judgment.

**DATED**: June 30, 2025

**ENTERED**:

LaShonda A. Hunt

LASHONDA A. HUNT
United States District Judge

**EXHIBIT A**

| STORE NAME | EMAIL ADDRESS | ASIN |
|---|---|---|
| JunW Inc. | hellodrgrill@gmail.com | B0D6GGN516 |